**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3154-19

LYNDSEY PATTON,

    Plaintiff-Respondent,

v.

JOMAR S. WILEY and JERSEY
CITY MUNICIPAL UTILITIES
AUTHORITY,

    Defendants-Appellants.

_____

Argued June 21, 2021 – Decided July 7, 2021

Before Judges Fisher and Fasciale.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0087-20.

Littie E. Rau argued the cause for appellants (Ruderman & Roth, LLC, attorneys; Littie E. Rau, of counsel and on the briefs).

Todd Drayton argued the cause for respondent (Law Offices of Todd Drayton, attorneys; Stacey Haskel, on the brief).

PER CURIAM

On June 30, 2019, plaintiff Lyndsey Patton was walking in or near the intersection of Union Avenue and West Side Avenue in Jersey City when she was struck by a vehicle owned by defendant Jersey City Municipal Utilities Authority (JCMUA) and operated by defendant Jomar S. Wiley, a JCMUA employee. Plaintiff retained an attorney the next day. On or about September 10, 2019, plaintiff's attorney forwarded a notice of tort claim addressed to JCMUA but to City Hall on Grove Street instead of JCMUA's place of business on Route 440 in Jersey City. No other attempt to serve JCMUA with a notice of tort claim was made within the time required by N.J.S.A. 59:8-8.

Plaintiff later successfully obtained leave to file a late notice of claim on JMCUA, which now appeals that determination, arguing the judge erred in finding plaintiff satisfied the requirements of N.J.S.A. 59:8-9, and by failing to reject the certifications submitted by plaintiff in support of her motion. We agree plaintiff failed to demonstrate the "extraordinary circumstances" required by N.J.S.A. 59:8-9 and reverse.

N.J.S.A. 59:8-8 requires that a party pursuing a cause of action against a public entity under the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, must file a notice of claim "within 90 days of accrual of the claim" or else "be forever barred from recovering" from the public entity. A court may exercise the discretion

2

permitted by N.J.S.A. 59:8-9 to allow a late filing "provided that the public entity or the public employee has not been substantially prejudiced" by the delay and provided the claimant presents "sufficient reasons constituting extraordinary circumstances" for the failure to comply with N.J.S.A. 59:8-8.

There is no question that plaintiff failed to file a notice of claim on JCMUA within the ninety days required by N.J.S.A. 59:8-8. As noted above, plaintiff delivered a notice of claim within the required time but to the wrong address. Since there was no mystery as early as the date of the accident that the vehicle was owned by JCMUA and driven by one of its employees, and since there was no mystery about the location of JCMUA's place of business – it was included in the police report and was otherwise readily available through a simple internet search – plaintiff's failure to serve the notice of claim on JCMUA at the right location was a product of attorney neglect or inadvertence, which does not meet the "extraordinary circumstances" threshold required by N.J.S.A. 59:8-9.

We agree, as plaintiff urges, there is little doubt JCMUA was aware of the event. In early September 2019 – within ninety days of the action's accrual – plaintiff's counsel communicated with Qual-Lynx, which administers and adjusts claims made against JCMUA. Plaintiff's counsel also advised and served

3

Qual-Lynx with a claim for no-fault benefits because plaintiff did not own an automobile and was not otherwise covered by auto insurance. That submission to Qual-Lynx made no mention of a personal injury claim to be asserted against JCMUA or its employee, and it cannot seriously be argued that a notice or communications with a public entity's adjuster or insurer about a related claim constitutes the notice required by N.J.S.A. 59:8-8. In fact, in opposing plaintiff's motion for leave to file a late notice of claim, a Qual-Lynx representative certified that he told plaintiff's attorney during their September 6, 2019 telephone call that plaintiff needed to serve a notice of tort claim directly on JCMUA. At that time, there was still time left to serve a notice of tort claim on JCMUA.

While plaintiff thereafter forwarded a notice of tort claim within the ninety-day accrual period, as already observed the notice was instead sent to City Hall, not JCMUA's place of business on Route 440. We add that this is not a situation where the claimant or her representatives might have been confused about the identity of the public entity that allegedly caused the injury. She knew at the scene of the accident that the driver worked for the JCMUA; indeed, in a certification in support of her motion, plaintiff asserted that defendant Wiley "told me that he needed to inform his employer about the accident since he was

working at the time."  And in corresponding with Qual-Lynx within the ninety days that followed the accident, plaintiff's then attorney referred to Qual-Lynx's insured as "Jersey City MUA."

To be sure, it seems clear from the materials presented in support of and in opposition to the trial court motion that JCMUA was aware of the event soon after the accident.  In emails attached as exhibits to the motion papers – albeit approximately one month after the ninety-day period elapsed – one JCMUA representative asked another whether a notice of tort claim had been received, and received the following response:

> No, I did not receive a Notice of Claim for this accident.
> What we have is a police report, an in-house report &
> an investigation report from our investigators that
> handle our accidents . . . .

Clearly, JCMUA was well aware of and had already conducted an investigation into the accident, but, in light of the absence of a timely notice of claim, JCMUA had no reason to know plaintiff intended to make a personal injury claim against it.

As these facts and circumstances reveal, plaintiff's failure to timely serve the notice of claim was the product of attorney inadvertence.  Counsel was or should have been aware of the identity of the public entity that was involved in the accident.  There was no confusion about whether the alleged tortfeasor was

5

some other public entity, and there could be no confusion about JCMUA's location since its address was, among other things, included in the police report. While it may be viewed as a displeasing result because it seems JCMUA was aware of the accident and aware Qual-Lynx had been in communication with plaintiff about her no-fault-benefits claim, there is no question the Legislature intended – when it amended N.J.S.A. 59:8-9 to require a showing of "extraordinary circumstances" – to set a high bar for relief.

Since the statute was amended, the Supreme Court has clearly established that attorney negligence or inadvertence is not "extraordinary" within the meaning of N.J.S.A. 59:8-9. See D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 159 (2013). The only known precedent that excuses attorney negligence or inadvertence is O'Donnell v. New Jersey Tpk. Auth., 236 N.J. 335, 347 (2019), where the Court excused the plaintiff's failure to file a timely notice of tort claim because another claimant, involved in the same accident, had served the public entity with a timely notice of tort claim. That situation is not present here. We are constrained to conclude the judge mistakenly exercised his discretion when allowing plaintiff to file a late notice of claim.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3154-19